UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARJEET SINGH,

Petitioner,

v.

PAMELA BONDI, et al.,

Respondents.

No. 1:25-cv-01932-DAD-EFB

ORDER GRANTING MOTION TO DISMISS

(Doc. Nos. 1, 18, 19, 22)

On December 18, 2025, petitioner, proceeding with counsel, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On February 27, 2026, petitioner filed a motion for preliminary injunction[1] (Doc. No. 18) and a motion to proceed *in forma pauperis* (Doc. No. 19). On March 4, 2026, respondents filed a response to petitioner's motion for preliminary injunction. (Doc. No. 20.) On March 6, 2026, petitioner filed a reply in support of his motion for preliminary injunction. (Doc. No. 21.) On May 26, 2026, respondents filed a motion to dismiss the petition.[2] (Doc. No. 22.) Therein, respondents represent that petitioner was

[1] The court previously granted in part petitioner's motion for temporary restraining on January 6, 2026. (Doc. No. 15.)

[2] In light of the completion of briefing in this matter, and in the interests of judicial economy, the court hereby retains this matter and revokes the prior referral to the assigned magistrate judge pursuant to Local Rule 302(d).

granted voluntary departure by an immigration judge on March 25, 2026, and on April 17, 2026, petitioner departed by way of commercial airline. (*Id.* at 2.) Petitioner has not filed an opposition or statement of non-opposition to respondents' motion to dismiss. The court incorporates its prior reasoning in *Balza Coronel v. Warden of the California City Det. Facility*, No. 1:26-cv-05778-DAD-JDP (HC), 2026 WL 2554880, at *1 (E.D. Cal. Aug. 28, 2026), and finds that because the petition challenges only the length and lawfulness of petitioner's detention (Doc. No. 1) and respondents have provided evidence that petitioner departed the United States on April 17, 2026 (Doc. No. 22-1 at 1), the petition no longer presents a live controversy and is therefore moot.

For the reasons above,

1. Respondents' motion to dismiss (Doc. No. 22) is GRANTED;
2. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is DISMISSED as having been rendered moot;
3. Petitioner's motion for preliminary injunction (Doc. No. 18) and motion to proceed *in forma pauperis* (Doc. No. 19) are DENIED as having been rendered moot; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 23, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE